### VAN SLOOTEN v. WHEELER.

(Supreme Court, General Term, Second Department. December 12, 1892.)

GIFT—DELIVERY—EVIDENCE.

Where testator, some months before his death, delivered a ring to plaintiff, declaring in the presence of others that he had given it to her, and she remained in possession of the ring until testator's death, when she delivered it to the executor upon a claim made by him, the evidence shows a valid gift.

Appeal from special term, Kings county.

Proceeding by Mary Van Slooten against Charles H. Wheeler to establish against testator's estate a claim for a diamond ring. Claim disallowed, and claimant appeals. Reversed.

For decision on former appeal, see 15 N. Y. Supp. 591.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Merritt E. Haviland, (Martin J. Keogh, of counsel,) for appellant.

Hubbard & Rushmore, (George G. Reynolds, of counsel,) for respondent.

BARNARD, P. J. There is no dispute as to the facts in this case. Harry E. Dodge, the testator, died on the 3d of June, 1886. He had lived for some years with the claimant. About two months before his death the deceased had a diamond ring on his finger. This was admired by a lady, Mrs. Chertza, whereupon he told her, "That is not mine; I have given it to May," meaning the claimant. Before this occasion the claimant frequently had it on her hand, and for the last two weeks of testator's life she wore it steadily, and had it in her possession when he died. About two or three weeks before his death the testator told Miss Halstead he had given the ring to May, and the claimant, who was called "May" by the testator, had the ring on her hand. Just before testator's death the claimant mentioned to a Mrs. Leavitt, in testator's presence, what a nice present she had, putting out her hand and showing the ring. The testator assented by an expression of pleasure on his face. This evidence clearly proves a gift. There was proven a delivery of the ring, given with an intent to transfer the title to the claimant. Once given, there is no pretension that it was given back by the claimant to the deceased in his lifetime, or to his executors acting for the estate since his decease. There was a dispute as to the ownership between the executors, and the claimant gave up the ring to the executor upon a claim made by him for it. Upon the question of title, the transaction between the executor and claimant after the testator's death

has no relevancy or importance. The only question is as to the title to the ring at the death of testator. If it then belonged to plaintiff, the executor has, under the evidence, acquired no title since from the estate. The judgment should be reversed, and a new trial granted, costs to abide event. All concur.